# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

HEIDI L. HANSEN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

NO. C10-5597-RSL-JPD

REPORT AND RECOMMENDATION

Plaintiff Heidi L. Hansen appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Supplemental Security Income ("SSI") under Titles XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and remanded for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

At the time of her administrative hearing, plaintiff was a 39 year-old woman with a high school degree and some college. Administrative Record ("AR") at 515. Her past work experience includes employment in the fast food industry, but it was not sufficient to qualify as past relevant work. AR at 519, 25. On October 5, 2005, plaintiff filed a claim for SSI

payments. AR at 17. Plaintiff asserts that she is disabled due to fibromyalgia, asthma and schizoaffective disorder. AR at 19.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 17. Plaintiff requested a hearing which took place on September 26, 2007. AR at 511-47. On February 4, 2008, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his finding that plaintiff could perform specific jobs existing in significant numbers in the national economy. AR at 17-26. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 5-8, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 3.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV. EVALUATING DISABILITY

As the claimant, Ms. Hansen bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At

step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On February 4, 2008, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since October 5, 2005, the application date.

2. The claimant has the following severe impairments: fibromyalgia, asthma, and a schizoaffective disorder.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform light work except claimant should avoid concentrated exposure to gases, dust, and fumes. Claimant is limited to simple 1-2-3 step work due to possible side effects of medi[c]ation. Claimant is also limited to no public interaction.

5. The claimant has no past relevant work.

6. The claimant was born on XXXXX, 1968[2] and was 37 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 5, 2005, the date the application was filed.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 5

AR at 19-26.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err in his evaluation of the medical evidence?

2. Did the ALJ err in finding the plaintiff less than fully credible?

3. Did the ALJ err in his RFC determination?

4. Did the ALJ err in formulating the hypothetical posed to the vocational expert ("VE"), and

5. If the ALJ erred, should benefits be awarded?

Dkt. No. 18 at 1-2.

## VII. DISCUSSION

### A. The ALJ Erred in the Evaluation of Dr. Oates' Opinion

Plaintiff frames her substantive argument as "The ALJ failed to properly articulate the weight given to the medical opinions in the record." Dkt. No. 18 at 7. The ALJ is required to consider the entire record of medical evidence. However, there is no requirement that the ALJ actually mention and address each piece of evidence presented due to duplicative and substantial record problem issues. Accordingly, the Court has re-defined the issue presented as to whether the ALJ erred in his evaluation of the medical evidence.

### *1. Standards for Reviewing Medical Evidence*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining

physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Orn*, 495 F.3d at 632-33.

Plaintiff's challenges focus on the opinions of Drs. Oates and Clifford. Dkt. No. 18 at 7, 9.

### 2. Martin Oates, M.D.

Dr. Oates was plaintiff's primary care physician for seven years prior to the hearing. AR at 24. Dr. Oates opined that plaintiff was limited to lifting and carrying 10 pounds frequently or occasionally, standing or walking less than two hours per day and sitting about six hours a day, with need to alternate positions and lie down every one to two hours for fifteen minutes. He also opined that her psychiatric conditions would cause her to miss work more than two days a month and the side effects of her medications would have a moderate effect on her concentration, persistence and pace. AR at 497-98.

The ALJ rejected the treating physician's opinion, stating merely

> I give this assessment little weight; although Dr. Oates is a treating physician, his assessment is inconsistent with other opinions and the medical evidence. In addition, Dr. Oates included the claimant's psychiatric condition in his assessment when he clearly states that his treatment was for fibromyalgia.

AR at 25.

There is no identification of the alleged inconsistencies and medical evidence relied upon by the ALJ to reject Dr. Oates' opinion. There is no indication of what portions, if any, of Dr. Oates' opinions the ALJ agrees with, even though both the ALJ and Dr. Oates concluded that plaintiff suffers from fibromyalgia and schizoaffective disorder. AR at 19, 496. The superficial analysis of Dr. Oates' opinion by the ALJ falls well short of the deference to be accorded to a treating physician's opinion as required by *Orn*. This matter must be remanded for further consideration of Dr. Oates' opinion.

### 3. Thomas Clifford, Ph.D.

On January 18, 2006, Dr. Clifford completed a mental residual functional capacity review of plaintiff, opining that that she had moderate limitations in her ability to understand, remember, and carry out detailed instructions; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; to complete a normal workday and workweek without interruptions from psychologically based symptoms and to

perform at a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; and the ability to set realistic goals or make plans independently of others. Plaintiff claims the ALJ failed to appropriately discuss these opinions. Dkt. No. 18 at 9.

As to Dr. Clifford, the ALJ's opinion states:

> He stated that claimant was "not significantly limited" in most areas and "moderately limited" in her abilities to understand, remember, and carry out detailed instructions; in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; in her ability to interact appropriately with the general public and her ability to set realistic goals or make plans independently of others. He also found "no evidence of limitation" in her ability to maintain socially appropriate behavior and to adhere to basis [sic] standards of neatness and cleanliness.

AR at 24. Clearly the ALJ discussed the opinion of Dr. Clifford. In addition, the ALJ took the limitations expressed into account in assessing plaintiff's RFC by limiting her to simple 1-2-3 step work due to possible side effects of medication and limiting her to no public interaction. AR at 21. The ALJ did not err in his evaluation of Dr. Clifford's opinions.

### 4. *Other Medical Records*

Plaintiff makes vague assertions that the ALJ erred by vaguely referring to unspecified, "various records" in the record. Because there is no specificity in either assignments of error or even identification of doctor's opinions, the Court is unable to conclude the ALJ erred. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1161, n.2 (9th Cir. 2008).

### 5. *Conclusion on Medical Evidence*

Because the ALJ failed to discuss and give proper deference to the opinion of plaintiff's treating physician, this matter must be reversed and remanded for further consideration of Dr. Oates' opinion. The remaining assignments of error regarding the ALJ's evaluations of the medical opinions are without merit.

B. <u>The ALJ Did Not Err in Making an Adverse Credibility Finding</u>

### 1. *Standard for Evaluating Credibility*

As noted above, credibility determinations are within the province of the ALJ's responsibilities, and will not be disturbed, unless they are not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281; SSR 96-7p. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick*, 157 F.3d at 722. Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

When evaluating a claimant's credibility, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation" including a reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Smolen*, 80 F.3d at 1284; *see also Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

### 2. *Reasons Offered to Support Credibility Finding*

The ALJ found plaintiff to be less than credible because he found the allegations of limitations to be inconsistent with clinical findings, evidence of exaggeration and plaintiff was

REPORT AND RECOMMENDATION - 10

able to engage in normal activities of daily living that were inconsistent with her self-described limitations. AR at 23-24.

Plaintiff does not address any of the reasons offered by the ALJ. Accordingly, if there is evidence to support the finding of the ALJ, and if the reasons offered are legally appropriate, the plaintiff's general argument against the adverse credibility assessment must fail.

There is substantial evidence as that term is defined to support the ALJ's findings that the plaintiff's limitations were inconsistent with clinical and objective findings. She reported to doctors that her medications were working well for her. AR at 355. She was meeting with family and friends, and going to college, receiving good grades. Although she was assessed with schizoaffective disorder, she was also found by her doctors to have "no disability." AR at 441. Inconsistencies such as this can be properly used by the ALJ to find a claimant not credible. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196-97 (9th Cir. 2004).

Evidence of exaggeration was also present in the record, as noted by examining psychologist Lawrence Moore, Ph.D. AR at 18, 450. This, too, is an appropriate basis upon which to find a claimant non-credible. *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th Cir. 2001).

Finally, the ALJ cited to plaintiff's daily activities as being inconsistent with her self-described limitations. Plaintiff was able to live alone, spend her day cleaning, making meals, painting, listening and playing music, engaging in church activities, do grocery shopping and taking walks. The ability to perform daily activities such as this that are inconsistent with her self-described limitations permits an ALJ to draw an adverse credibility determination.

Plaintiff does not raise any specific argument to the ALJ's finding. The ALJ did not err in making an adverse credibility assessment.

    C.    <u>The ALJ May Have Erred in His RFC Assessment</u>

As discussed above, the ALJ erred in his treatment of the opinion of Dr. Oates, requiring a remand. Upon proper consideration, this may impact plaintiff's RFC assessment.

Accordingly, on remand, after properly evaluating Dr. Oates' medical opinions, the ALJ will reevaluate plaintiff's RFC. If the ALJ's assessment of plaintiff's RFC is revised, then the ALJ will also call a VE to testify about jobs that may exist with a properly framed hypothetical that incorporates all of plaintiff's limitations.

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

DATED this 17th day of June, 2011.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge